| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Matthew L. Childs** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–1326** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **District of Colorado** | | Date case filed for chapter  **7**  **4/12/17** |
| Case number:  **17–13262–MER** | | |

Official Form 309A (For Individuals or Joint Debtors)
**Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**   12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | | **About Debtor 2:** |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Matthew L. Childs | | |
| 2. | **All other names used in the last 8 years** | dba Matthew LLC | | |
| 3. | **Address** | 8413 S Painted Sky St <br> Highlands Ranch, CO 80126–2014 | | |
| 4. | **Debtor's attorney** <br> Name and address | Mark J. Berumen <br> 1873 S. Bellaire St. <br> Ste. 1010 <br> Denver, CO 80222 | | Contact phone 303–751–2128 |
| 5. | **Bankruptcy trustee** <br> Name and address | M. Stephen Peters <br> Box 4610 <br> Frisco, CO 80443 | | Contact phone 303–422–8501 |

**For more information, see page 2 >**

Debtor **Matthew L. Childs**                                                                                           Case number **17–13262–MER**

The person designated as Bankruptcy Trustee on the front side of this form has been selected as Interim Trustee of the bankruptcy estate and the trustee's previously–filed blanket bond is approved. Unless another trustee is elected at the meeting of creditors, the trustee shall serve without further appointment or qualification. The trustee is deemed to have accepted the appointment, unless the trustee notifies the Court and the U.S. Trustee in writing of any rejection within seven days after receipt of notice of selection.

| 6. | **Bankruptcy clerk's office** | US Bankruptcy Court | Hours open Monday – Friday 8:00 AM – 4:30 PM |
|---|---|---|---|
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | US Custom House 721 19th St. Denver, CO 80202–2508 | Contact phone 720–904–7300 Date: 4/13/17 |

| 7. | **Meeting of creditors** | **May 9, 2017** at **03:00 PM** | Location: |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>Under Bankruptcy Rule 4002(b)(1)–(2), you shall bring the following to the meeting of creditors:<br><br>1) picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity AND evidence of a social security number OR a written statement that such docmumentation does not exist;<br><br>2) documents or copies of a) debtor's current income such as the most recent payment advice, pay stub, or earnings statement; and b) statements for each of the debtor's depository accounts (bank, credit union and investment) for the time period that includes the date of the filing of the petition OR a written statement that such documentation does not exist; and<br><br>3) documentation of monthly expenses claimed if required under 11 U.S.C. §707(b)(2)(A) or (B). | **Byron G. Rogers Federal Building, 1961 Stout Street, Suite 16–200, Room A, Denver, CO 80294** |

| 8. | **Presumption of abuse** | The presumption of abuse does not arise. | |
|---|---|---|---|
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | | |

| 9. | **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline:** 7/10/17 |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | | **Deadline to object to exemptions:**<br><br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| The case trustee must receive these documents by the following deadlines. | **Deadline to provide documents:** | **Filing deadline:** 7 days *before* the the meeting of creditors |
|---|---|---|
| | You shall provide to the case trustee a copy of the federal income tax return required under applicable law, or a transcript of such return, for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return is filed, and provide the same tax information to creditors that requested a copy at least fourteen days prior to the meeting of creditors. See Fed. R. Bankr. P. 4002(b). The debtor's failure to comply will result in dismissal of the case unless the debtor demonstrates that the failure to comply is due to circumstances beyond the control of the debtor. See L.B.R. 1017–2. | |
| **10. Proof of claim**  Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Notice of possible dismissal** | You are hereby notified that if this case was filed as deficient, it is subject to the United States Trustee's Standing Motion to Dismiss under Local Bankruptcy Rule 1017–3(a)(3), and/or the dismissal provisions of 11 U.S.C. § 521(i). | |
| **12. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **13. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| **14. Case trustee's sale of assets** | At the meeting of creditors, the trustee may announce an intention to sell nonexempt tangible property of the estate if the aggregate gross value of all nonexempt property is less than $2,500. any objections to the said announcement must be filed in writing with the clerk and served upon the trustee within 14 days of the meeting. | |